**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**RONALD L. COLE, SR.**                                                                 **PLAINTIFF**

**VS.**                                                                    **CIVIL ACTION NO. 3:05CV654BA**

**CHRISTOPHER EPPS, COMMISSIONER;
MARGARET BINGHAM, SUPERINTENDENT;
JACKIE PARKER, WARDEN and JOSEPH
BLACKSTON, Dr., Medical Director**                                  **DEFENDANTS**

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 29th day of January, 2007, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. The Plaintiff appeared *pro se*, and the Defendants were represented by attorneys Robert H. Pederson and John Clay. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference. The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

    **1. JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. The Plaintiff, Ronald Cole, alleges that he suffers from several medical problems, including emphysema, a cerebral artery blockage, and a disability in his left foot and leg. Prior to his incarceration, he had a heart attack, two open heart

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

surgeries and six by-passes.  Cole is now housed in a medical unit at the Central Mississippi Correctional Facility, and his Complaint is based on his claim that the conditions in that unit are unsafe.

Specifically, Cole alleges that he is confined with inmates with hepatitis C, HIV, staph infections, psoriasis and shingles.  Cole testified that he has come in contact with other inmates' blood.  Clean up on the unit is done by the regular cleaning crew, with no HazMat bags or paper towels.  They use regular mops and brooms, with no disinfectant or bleach put on the floor.  He claims that he has been exposed to contagious diseases on a daily basis, as all sixty inmates in that facility use the same shower and bathroom and shave at the same sink.  Cole did not testify that he had contracted any disease from another inmate, although he stated that he had not been tested for any of the named conditions.

 2. **DISCOVERY ISSUES and PENDING MOTION**

Defense counsel will be required to provide Cole with a copy of his medical records.  These records may be authenticated by affidavit for use in support of subsequent motions or at trial, where they may be admitted as a general exhibit.  No testimony from a physician or other health care provider will be required at trial.  There are no other discovery matters pending, except for those set forth herein, which will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1).

 3. **TRIAL WITNESSES**

The Plaintiff was instructed to submit to the court a list of inmate witnesses, not to exceed three to testify on his behalf at the trial of this matter.  When a trial date is set, the court will order

that subpoenas *ad testificandum* issue for those persons, as long as they are still in the custody of MDOC at the time.

The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

### 4. **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED that the deadline for submitting motions in this matter is March 30, 2007. If necessary, the trial will be scheduled after that date.

IT IS SO ORDERED, this the 7th day of February, 2007.

S/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
