```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**RONALD L. COLE, #L1717**                                               **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:05-cv-654-WHB-LRA**

**CHRISTOPHER EPPS, ET AL.**                                           **RESPONDENTS**

## OPINION AND ORDER

This cause is before the Court on the Objection of Plaintiff Ronald L. Cole ("Cole") to the Report and Recommendation ("R & R") entered by Magistrate Judge Linda R. Anderson on September 10, 2007. As Plaintiff is proceeding *pro se* in this case, the allegations in his pleadings have been liberally construed. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). The Court has considered the R & R, Plaintiff's Objection, Dr. Joseph Blackstone's Response to the Objection, attachments to the pleadings, the record in the case, as well as supporting and opposing authorities and finds that the Objection is not well taken and should be denied.

Also before the Court are several additional motions filed by Cole in conjunction with this case. All of these motions shall be denied for the reasons stated below.

## I. Discussion

The record shows that on or about August 17, 2005, Cole and fourteen other inmates, all of whom were incarcerated at the

medical unit at the Central Mississippi Correctional Facility ("CMCF"), filed a class action Complaint in this Court alleging claims arising under 42 U.S.C. § 1983.  In their Complaint, the plaintiffs alleged that their constitutional rights were being violated because of certain practices and policies implemented by the defendants in the medical unit.  Specifically, the plaintiffs alleged that they were being exposed to other inmates who had contagious diseases; the inmates' linen, clothing, bathroom, and showering facilities were not being properly cleaned or disinfected; they were not being tested to determine whether they had contracted any contagious diseases while incarcerated; and contaminated materials were not properly disposed of.  On October 31, 2005, United States District Judge Henry T. Wingate ordered that the plaintiffs be severed, and that each plaintiff proceed individually on his respective claim.

On February 28, 2006, Cole filed an Amended Complaint under 42 U.S.C. § 1983.  In his Amended Complaint, Cole again alleged that his constitutional rights were being violated as: (1) he was being exposed to contagious diseases on a daily basis; (2) the staff failed to take appropriate actions to prevent the spread of disease in the medical unit; (3) cleaning crews were not provided the necessary equipment and/or disinfectants to properly clean the medical unit; (4) he was not being tested or treated for potentially contagious diseases; and (5) his linen, clothing,

bathroom, and showering facilities were not being properly cleaned or disinfected.  See Amended Complaint [Docket No. 9].

On January 29, 2007, Judge Anderson held an Omnibus Hearing regarding the allegations in Cole's Amended Complaint.  See Omnibus Order [Docket No. 24].  On April 30, 2007, Defendant Dr. Joseph Blackstone ("Blackstone") filed a Motion for Summary Judgment.  On September 10, 2007, Judge Anderson entered a R & R recommending that Blackstone's Motion for Summary Judgment be granted, that Cole's motions for a temporary restraining order and permanent injunction be denied, and that the Amended Complaint be dismissed, as to the other named defendants, pursuant to 28 U.S.C. § 1915.  In making her recommendations, Judge Anderson found that in order to state a valid 42 U.S.C. § 1983 claim based on the conditions of confinement, Cole had to prove two elements: (1) that he was exposed to a substantial risk of harm, and (2) that the defendants acted or failed to act with deliberate indifference to that risk. See R & R. at 8-9 (citing Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002)).  As regards the first Lawson factor, Judge Anderson found that while Cole showed that he was unsatisfied with the cleaning practices and hygienic conditions in the medical unit, he had not alleged that he was actually harmed by those conditions, and the records and affidavits showed that he was not at risk for serious harm.  See R & R, at 9. As regards the second Lawson factor, Judge Anderson found there was no evidence that any of the

defendants acted or failed to act with the intent to inflict harm on Cole, or that they were actually aware of a risk to Cole, which they consciously disregarded.[1]  Id. at 9-10.  Cole timely objected to Judge Anderson's R & R.

A district judge has authority to review a magistrate judge's R & R, and is required to make a *de novo* determination of any portion of a R & R to which a specific written objection has been made.  See 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b).  Thereafter, the district judge may accept, reject, or modify the recommendation of the magistrate; receive further evidence in the case; or recommit the matter to the magistrate with further instructions. Id.

Cole has not raised any specific objection to the R & R, but merely requests that the Court re-weigh the evidence presented to, and considered by Judge Anderson.[2]  Having reviewed the allegations and arguments in Cole's pleadings, as well as the evidence in the

---

[1] The evidence shows that CMCF met all of the requirements for accreditation through the National Commission of Correctional Health Care during the relevant time period.

[2] In his Objection, Cole also raises various other complaints ranging from illegal "shakedowns" and other alleged violations of his right to be free from unlawful searches and seizures to the failure of the Department of Corrections to abide by its grievance procedures and to provide medications prescribed by his physicians. As these arguments do not relate to the allegations in Cole's Amended Complaint, they will not be considered at this time.  In the event Cole wants to pursue these complaints, he must do so by filing another lawsuit.

record before it, the Court finds that Judge Anderson's R & R should be accepted and, therefore, will be adopted by this Court.

The record also shows that Cole has filed several motions in this case that were not addressed by Judge Anderson in the subject R & R. The Court will now consider each of these motions.

Cole has filed a Motion for a Subpoena to the Mississippi State Auditor requesting the purchasing orders of CMCF, a copy of the food service contract for that facility, and documents indicating whether the federal government has approved the foods that are served. The Court finds that as the R & R of Judge Anderson will be adopted and Cole's Amended Complaint dismissed, his Motion for Subpoena should be denied as moot.

Cole has also filed a Motion for Contempt of Court Sanctions. Through this Motion, Cole seeks sanctions against the defendants for failing to disclose purchasing orders for chemicals and disinfectants used at CMCF. A review of the docket shows that there is no Order requiring Defendants to produce such records, and the discovery of such records was clearly foreclosed by the Omnibus Order entered in this case. See Omnibus Order [Docket No. 24]. Accordingly, the Court finds this Motion lacks merit and should be denied.

Finally, Cole has filed a Motion for a Temporary Restraining Order requiring Defendants to provide him with certain prescription medications. As discussed above at footnote 2, the arguments

raised in this Motion do not relate to the allegations in Cole's Amended Complaint and, accordingly, his Motion for Temporary Restraining Order will be denied. In the event Cole wants to pursue the complaints raised in his Motion for Temporary Restraining Order, he must do so by filing another lawsuit.

## II.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge [Docket No. 53] is hereby accepted and adopted.

IT IS FURTHER ORDERED that Plaintiff's Objection to Magistrate Judge's Report and Recommendation [Docket No. 57] is hereby denied.

IT IS FURTHER ORDERED that the Motion of Defendant Dr. Joseph Blackstone for Summary Judgment [Docket No. 30] is hereby granted.

IT IS FURTHER ORDERED that the remaining Defendants in this case are dismissed pursuant to 28 U.S.C. § 1915.

IT IS FURTHER ORDERED that Cole's Motion for Temporary Restraining Order [Docket No. 29] is hereby denied.

IT IS FURTHER ORDERED that Cole's Motion for Permanent Injunction [Docket No. 27] is hereby denied.

IT IS FURTHER ORDERED that Cole's Motion for Subpoena [Docket No. 39] is hereby denied as moot.

IT IS FURTHER ORDERED that Cole's Motion for Contempt of Court Sanctions [Docket No. 48] is hereby denied.

IT IS FURTHER ORDERED that Cole's Motion for Temporary Restraining Order and Necessary Court Protection of Threat to Life [Docket No. 54] is hereby denied.

A Final Judgment dismissing this case with prejudice shall be entered this day.

SO ORDERED this the 14th day of January, 2008.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE